```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

Convergys Corporation, et al,   :   Case No. 1:07-cv-509
                                :
    Plaintiffs,              :
                                :
vs.                             :
                                :
Michael J. Wellman, et al.,     :
                                :
    Defendants.              :

**TEMPORARY RESTRAINING ORDER**

    This matter comes before the Court on Plaintiff's motion for entry of a temporary restraining order, sought in conjunction with Plaintiff's motion for a preliminary injunction.  (Doc. 6) The Court held a preliminary telephone conference on Plaintiff's motion on July 27.  Defendants Michael Wellman and his employer, Sitel Corporation, received notice of Plaintiff's motion and participated in the telephone conference through counsel.

**FACTUAL BACKGROUND**

    Michael Wellman worked for Convergys Corporation for approximately eight years, holding progressively responsible positions in the Human Resources department.  From January 2006 until his resignation in June 2007, Wellman was Vice President, Human Resources - North American Operations.

    Convergys Corporation provides outsourced marketing, customer support services and employee care services to its customers on a global basis.  Convergys and Wellman entered into

-1-

a "Non-Disclosure and Non-Competition Agreement" at some point during his employment.  Wellman agreed that for two years following his separation from Convergys, he would not sell any services or products that compete with Convergys, and would not provide or perform services ". . . that are similar to any services that [Wellman] provided to or performed for [Convergys] during [Wellman's] employment with [Convergys]."  (Doc. 6, Exhibit 2 at ¶4.)

Wellman informed Convergys in June that he intended to accept a senior HR position at Sitel Corporation, a direct competitor of Convergys.  According to Convergys' motion for a preliminary injunction, Wellman asked Convergys to waive the terms of his non-compete, which Convergys was unwilling to do.  Despite this, Wellman accepted the job at Sitel and is now working at that company.

Convergys seeks an injunction prohibiting Wellman from working for Sitel, relying on the terms of the non-disclosure/non-compete agreement.  Convergys contends it will suffer irreparable harm if the terms of the agreement are not immediately enforced, and that Wellman should be prohibited from working for Sitel Corporation.

## ANALYSIS

Federal Rule of Civil Procedure 65 authorizes the Court to enter a temporary restraining order, based on consideration of

four factors: (1) whether Plaintiff has demonstrated a strong likelihood of success on the merits; (2) whether Plaintiff would otherwise suffer irreparable injury; (3) whether the grant of preliminary injunctive relief would cause substantial harm to others; and (4) whether the public interest would be served. See Leary v. Daeschner, 228 F.3d 729, 736 (6th Cir. 2000).

(1) <u>Likelihood of Success on the Merits</u>. Convergys asserts that its contract with Wellman passes muster under Ohio law, which generally recognizes and enforces non-compete agreements "... to the extent necessary to protect an employer's legitimate interest." Raimonde v. Van Vlerah, 42 Ohio St.2d 21, 325 N.E.2d 544, Syllabus 1 (Ohio 1975). Convergys states that Wellman has knowledge of Convergys' HR processes and information, including hiring and retention strategies, agent compensation and incentive plans, customer care operations evaluations, and internal HR statistics that reflect the company's retention and attrition rates. Convergys states that Wellman attended "quarterly planning meetings" during which "highly strategic discussions were held and decisions made" and that information presented or discussed during such "closed-door" meetings was confidential. Permitting Wellman to work for Sitel Corporation would inevitably lead to the disclosure of this confidential information.

Wellman argues that he is not violating Paragraph 4(i) of his contract, prohibiting him from selling products that compete

-3-

with Convergys and he has agreed to an injunction prohibiting such conduct. Wellman contends that Paragraph 4(ii) of his contract, prohibiting him from providing "similar services" to Sitel, is overbroad and unenforceable under <u>Raimonde</u>. He argues that he came to Convergys with a broad HR background, and that he did not receive any specialized training from Convergys. He describes himself as managing the "nuts and bolts" of internal human resources operations, none of which involves trade secrets, and none of which involves Wellman's interactions with customers or their accounts.

The Court finds that Convergys has not established the likelihood of success on the merits of its claims such that entry of temporary injunctive relief is warranted. Unlike sales agents, who are clearly privy to detailed information about a company's relationships with its customers, Wellman worked in human relations. Convergys' descriptions of the allegedly confidential information Wellman possesses, and the manner in which Convergys protected the confidential nature of that information, do not rise to the level that justifies temporary injunctive relief. Several of the factors set forth in <u>Raimonde</u> are particularly of concern, specifically whether Wellman's employment is unfair competition or simply ordinary competition; whether enforcement of the covenant would stifle Wellman's inherent experience in human relations; and whether Wellman's HR

-4-

experience and knowledge was actually developed during his employment with Convergys, or elsewhere. See Raimonde, 42 Ohio St.2d at 25-26. At best, the Court concludes that the evidence of Convergys' likelihood of success on the merits is at equipoise, which is insufficient to establish entitlement to a temporary restraining order.

(2) Irreparable Injury. The Court concludes that Convergys has not established that it will suffer irreparable injury if the temporary injunctive relief it seeks is denied. Convergys alleges that Wellman attended "closed-door meetings" and received information that was disseminated on a "need-to-know" basis; but these allegations do not suffice to establish a concrete threat of irreparable injury. This is especially true in view of the fact that Wellman agrees to entry of an order that prohibits him from soliciting Convergys' customers or employees, from selling any competing products, and from disclosing any trade secrets. In addition to these, the Court believes that Wellman should also be prohibited from disclosing any customer-specific information he may have learned during the course of his employment. The Court concludes that these restrictions are sufficient to protect Convergys from the threat of irreparable harm, until the hearing on its motion for a preliminary injunction and presentation of a more complete record.

(3) Substantial Harm to Others. Convergys suggests that a

-5-

denial of temporary injunctive relief here will encourage other employees to breach their contracts with impunity.  The Court concludes that this argument is speculative at best.  The Court perceives no substantial harm that will result from permitting Wellman to continue in his employment with Sitel, subject to the conditions listed below, pending a full hearing on Convergys' motion for a preliminary injunction.

(4) <u>Public Interest</u>.  The public interest is served by enforcement of freely bargained-for contracts.  However, the public interest is also served by the Court's refusal to enforce overly-broad contracts that do not comport with the requirements of Ohio law.  On the record to date, the Court concludes that this factor is also in equipose at best, supporting the denial of the injunction sought by Convergys, but supporting the entry of a modified restraining order as set forth below.

**CONCLUSION**

For all of the foregoing reasons, the Court grants Convergys' motion for a temporary restraining order in part, on the following terms:

1. Wellman shall not, either on behalf of himself, his employer Sitel Corporation, or any other person or entity, solicit or attempt to solicit any customers of Convergys, or any prospective Convergys' customers known to Wellman, or otherwise communicate in any

        manner with any customers or prospective customers of Convergys.

2. Wellman shall not, either on behalf of himself, his employer Sitel Corporation, or any other person or entity, sell or attempt to sell, any competitive products or services to a Convergys customer.

3. Wellman shall not, either on behalf of himself, his employer Sitel Corporation, or any other person or entity, solicit or attempt to solicit any employees of Convergys, or otherwise attempt to or actually induce, persuade, or entice any Convergys employee to terminate an employment relationship with Convergys or to accept employment with Sitel Corporation or any other entity.

4. Wellman shall maintain in absolute confidence, and not use or permit access to or disclose to any person or organization, including but not limited to Sitel Corporation, any trade secret of Convergys, which includes any information Wellman may possess concerning any confidential scientific or technical information, design, process, procedure, formula, pattern, compilation, program, device, method, technique, or improvement, or any business information or plans, financial information, or listing of names, addresses, or telephone numbers.

5. Sitel Corporation shall not encourage or cause Wellman to violate the restrictions set forth in this Order.

6. Wellman may continue his employment with Sitel Corporation, subject to the restrictions contained herein.

7. Plaintiff's motion for a preliminary injunction is set for hearing on August 23 and 24, 2007, starting at 9:00 a.m.

**SO ORDERED.**

DATED: July 30, 2007             <u>s/Sandra S. Beckwith</u>
                                     Sandra S. Beckwith, Chief Judge
                                        United States District Court